**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PHILLIP EUGENE SANDERS,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>V. LAI, Deputy District Attorney; et al.,<br><br>        Defendants-Appellees. | No. 21-15074<br><br>D.C. No. 1:20-cv-00690-DAD-EPG<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted November 8, 2021[**]

Before:    CANBY, TASHIMA, and MILLER, Circuit Judges.

Phillip Eugene Sanders appeals from the district court's order dismissing his

action alleging constitutional violations stemming from his criminal proceedings.

We have jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of

discretion a dismissal for failure to comply with Federal Rule of Civil Procedure 8.

---

        [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). We affirm.

The district court did not abuse its discretion by dismissing Sanders's action because Sanders failed to comply with Rule 8 despite prior warnings and instructions regarding the federal pleading requirements. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."); *McHenry*, 84 F.3d at 1178 (complaint does not comply with Rule 8 if "one cannot determine from the complaint who is being sued, for what relief, and on what theory").

The district court did not abuse its discretion by denying further leave to amend. *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (setting forth the standard of review and explaining that a "district court's discretion to deny leave to amend is particularly broad where [the] plaintiff has previously amended the complaint" (citation and internal quotation marks omitted)).

Contrary to Sanders's contention, a magistrate judge may be authorized to perform nondispositive actions without seeking the parties' consent. *See* 28 U.S.C. § 636(b)(1)(A); E.D. Cal. R. 302(a).

We reject as without merit Sanders's contention that the change in the docketing initials in his case documents from "NONE" to "DAD" was improper.

All pending motions and requests are denied.

**AFFIRMED.**

21-15074